# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS, SHERMAN DIVISION

DAVINA LINGUIST,

             *Plaintiff*,

    v.

INFOSYS LIMITED,

             *Defendant*.

Civil Action No. 4:20-CV-465

**Trial by jury demanded**

---

## COMPLAINT

1.     Plaintiff Davina Linguist brings this action pursuant to Title VII, 42 U.S.C. 2000e-2, *et seq.*, and Section 1981, 42 U.S.C. § 1981, to remedy acts of retaliation against her by Defendant Infosys Limited ("Infosys").

2.     Infosys is an Indian company that has approximately 20,000 employees in the United States, roughly 90% of whom are of Indian descent. This disproportionate workforce is a result of Infosys' pattern and practice of discrimination against individuals who are not Indian in the hiring, promotion, compensation, and termination.

3.     Ms. Linguist is the former head of diversity recruiting at Infosys. In October 2016, Ms. Linguist sat for a deposition in *Koehler v. Infosys Technologies Ltd.*, No. 2:13-cv-885 (E.D. Wisc.), a class action lawsuit which challenges Infosys' pattern and practice of discrimination against non-Indian employees. During her deposition, she testified about Infosys' discriminatory practices, including the fact that Infosys managers have obstructed her efforts to increase the non-South Asian diversity of Infosys' workforce. During this deposition, Infosys'

counsel attempted to intimidate Ms. Linguist by asking her irrelevant and invasive questions about her home life, her family members, her children, and her husband's business.

4.      Soon after the deposition, Infosys retaliated against Ms. Linguist, stripping her of her title as the head of diversity recruiting (and replacing her with an individual with no relevant experience) and demoting her, among other improper conduct. On March 7, 2017, Ms. Linguist was forced to resign from her position at Infosys, which constituted a constructive discharge, due to Infosys' retaliation against Ms. Linguist for engaging in a protected activity.

## The Parties

5.      Davina Linguist is a U.S. citizen, of American national origin and African American race. Ms. Linguist lives in North Richland Hills, Texas. Ms. Linguist has exhausted her administrative remedies and complied with the statutory prerequisites of filing a Title VII complaint by filing a discrimination complaint against Infosys with the EEOC and filing a timely claim of Title VII discrimination following receipt of a right to sue notice.

6.      Infosys Limited is headquartered in Bangalore, India and describes itself as a "global leader in consulting, technology and outsourcing" with revenues of US $11.8 billion in fiscal year 2019. Infosys has approximately 20,000 employees in the United States. Infosys formerly maintained offices in Plano, Texas and currently maintains offices in Richardson, Texas.

## Jurisdiction and Venue

7.      *Personal Jurisdiction*. The Court has specific personal jurisdiction over Infosys because this suit arises from Infosys' tortious acts committed in Collin County, Texas.

8.      *Subject Matter Jurisdiction*. The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. §§ 1981 and 2000e-2.

9.    *Venue*. Venue is proper in the Eastern District of Texas under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(b)(2) because the unlawful employment practices giving rise to the claim were committed at Infosys' offices in Collin County, Texas.

## Factual Allegations

10.    Infosys is an Indian company that provides consulting, technology, and outsourcing services worldwide. Infosys employs approximately 20,000 employees in the United States, roughly 90% of whom are South Asian and Indian, even though only 1-2% of the U.S. population is South Asian. This disproportionate workforce is a result of Infosys' intentional employment discrimination against individuals who are not South Asian or Indian, including discrimination in the hiring, promotion, compensation, and termination of individuals. Infosys has gone to great lengths to obtain its primarily South Asian work force in the United States, including by engaging in visa fraud to bring South Asians (primarily Indians) into this country to replace or supplant non-South Asians and non-Indians.

11.    Little question exists that Infosys discriminates. As an Infosys hiring manager acknowledged: "There does exist an element of discrimination. We are advised to hire Indians because they will work off the clock without murmur and they can always be transferred across the nation without hesitation unlike [a] local workforce." *Another Law Suit Against Infosys This Time Regarding Hiring*, SATHIYAM.TV (Aug. 6, 2013), http://sathiyam.tv/english/world/another-law-suit-against-infosys-this-time-regarding-hiring.

12.    Infosys' pattern and practice of discrimination is the subject of *Koehler v. Infosys Technologies Ltd.*, No. 2:13-cv-885 (E.D. Wisc.), referenced above.

13.    Ms. Linguist was hired by Infosys in October 2011 as a Lead Recruiter in the Talent Acquisition Unit, and she rose in 2012 to become the head of Infosys' Diversity

Recruiting Program in the United States. In this role, Ms. Linguist was responsible for increasing Infosys' recruitment and hiring of non-South Asian employees for positions in the United States.

14.     On September 24, 2016, Ms. Linguist's signed declaration was filed in the *Koehler* class action in support of Plaintiffs' Motion for Class Certification. Linguist Decl., ECF No. 88-4, *Koehler v. Infosys Technologies Ltd.*, No. 2:13-cv-885 (E.D. Wisc.). Ms. Linguist's declaration detailed her direct professional knowledge of Infosys' discriminatory practices and policies against non-South Asian applicants and employees – including the fact that Infosys' United States-based workforce has consistently stayed approximately 93% Indian during her tenure. Ms. Linguist's declaration also stated that she and other recruiters found little to no support from Infosys management for the Diversity Program since its inception in 2012, and that Infosys has consistently failed to fulfill its own diversity hiring goals. Ms. Linguist's declaration also detailed her personal experience of discrimination by Infosys' policies and practices in her role as Infosys' Diversity Recruiting Manager.

15.     On October 21, 2016, Infosys subpoenaed Ms. Linguist for a deposition in the *Koehler* litigation. In an effort to intimidate Ms. Linguist several days before her deposition, Infosys' in-house counsel Shannon D'Jamoos, and Employee Relations executive Patty Cramer, confronted Ms. Linguist about her upcoming deposition and attempted to question her about the testimony she would give. When Ms. Linguist responded that she did not want to discuss her deposition without her lawyers present (Kotchen & Low LLP represented Ms. Linguist at the time – a fact known to Infosys), Infosys representatives discouraged her from having her lawyers present at the discussion. Ms. D'Jamoos then attended Ms. Linguist's deposition by telephone.

16.     Ms. Linguist sat for her deposition on October 26, 2016, during which she recounted her experience with Infosys' discriminatory treatment of non-South and non-Indian

Asian applicants and employees, both in her personal experience as well as her observations as the head of Infosys' Diversity Recruiting Program for the United States.

17.     Among other things, Ms. Linguist testified about: (1) the extremely disproportionate number of South Asian individuals Infosys hires in the U.S., (2) Infosys' bulk rejection of about 12,000 U.S. applicants for positions in favor of South Asian visa holding applicants, and (3) the fact that Infosys managers have obstructed her efforts to increase the non-South Asian diversity of Infosys' workforce.

18.     During this deposition, Infosys' counsel attempted to intimidate Ms. Linguist by asking her irrelevant and harassing questions about her home life, her family members, and where her children live. Additionally, Infosys' counsel asked Ms. Linguist inappropriate and harassing questions about her husband's business, and her involvement with that business, in an attempt to establish pretext to retaliate against her professionally for her participation in the *Koehler* case.

19.     On January 31, 2017, Infosys retaliated against Ms. Linguist for her participation in the *Koehler* litigation and for speaking out against Infosys' discriminatory employment practices by stripping her of the responsibilities of Diversity Program Manager and demoting her to full-desk recruiter – a position that Ms. Linguist had held prior to her becoming the head of Infosys' Diversity Recruiting Program in 2012.

20.     Ms. Linguist challenged her demotion through Infosys' internal complaint process, but was warned by her manager, Clint Kelley, that she would be transferred regardless of her protest. On February 13, 2017, Ms. Linguist also received an email from Becky Lowe, Head of Human Resources, that failure to transition to her new role as instructed would constitute insubordination and "may result in disciplinary action up to and including

termination."

21.     In late February 2017, Infosys officially stripped Ms. Linguist of her title as head of the Diversity Recruiting Program and her ability to work from home (an option available to most Infosys recruiters). Infosys also informed Ms. Linguist that her previous role as Lead Recruiter of the Diversity Recruiting Program would be filled by Michelle Mikulas, an employee with no diversity recruiting experience whatsoever.

22.     On March 7, 2017, Ms. Linguist was forced to resign from her position at Infosys due to its discriminatory practices and retaliation against Ms. Linguist for engaging in a protected activity. This constituted a constructive discharge.

### COUNT I – RETALIATION
(in violation of Title VII, 42 U.S.C. § 2000e-3, et seq.)

23.     Ms. Linguist re-alleges and incorporates foregoing paragraphs by reference as if fully set forth herein.

24.     First, as alleged above, Ms. Linguist engaged in a protected activity under Title VII by filing a signed declaration in *Koehler v. Infosys* detailing Infosys' discriminatory practices and providing sworn testimony during her deposition in October 2016.

25.     Second, Ms. Linguist has suffered several adverse employment actions since the onset of her participation in *Koehler v. Infosys*. She endured a hostile work environment, has been denied a promotion, was stripped of her title as Diversity Program Manager, was demoted to a less favorable position, was denied her previous ability to telework, and was constructively discharged from Infosys.

26.     Third, there exists a causal link between Ms. Linguist's protected activity and the adverse employment actions taken against her. As a direct and proximate cause of her involvement in *Koehler v. Infosys*, Infosys has retaliated against Ms. Linguist and also attempted

on several occasions to dissuade Ms. Linguist from making or supporting a charge of discrimination.

27.     The foregoing conduct constitutes unlawful retaliation in violation of 42 U.S.C. § 2000e-3.

### COUNT II – RETALIATION
(in violation of 42 U.S.C. § 1981)

28.     Ms. Linguist re-alleges and incorporates foregoing paragraphs by reference as if fully set forth herein.

29.     First, as alleged above, Ms. Linguist engaged in a protected activity under Section 1981 by filing a signed declaration in *Koehler v. Infosys* detailing Infosys' discriminatory practices and providing sworn testimony during her deposition in October 2016.

30.     Second, Ms. Linguist has suffered several adverse employment actions since the onset of her participation in *Koehler v. Infosys*. She endured a hostile work environment, has been denied a promotion, was stripped of her title as Diversity Program Manager, was demoted to a less favorable position, was denied her previous ability to telework, and was constructively discharged from Infosys.

31.     Third, there exists a causal link between Ms. Linguist's protected activity and the adverse employment actions taken against her. As a direct and proximate cause of her involvement in *Koehler v. Infosys*, Infosys has retaliated against Ms. Linguist and also attempted on several occasions to dissuade Ms. Linguist from making or supporting a charge of discrimination.

32.     The foregoing conduct constitutes unlawful retaliation in violation of 42 U.S.C. § 1981.

## PRAYER FOR RELIEF

WHEREFORE, Ms. Linguist prays for relief as follows:

a) A declaratory judgment that the practices complained of herein are unlawful and violate Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, et seq.;

b) A declaratory judgment that the practices complained of herein are unlawful and violate the Civil Rights Act of 1866, 42 U.S.C. § 1981;

c) A permanent injunction against Defendant and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with it, from engaging in unlawful policies, practices, customs, and usages set forth herein;

d) Order Defendant to pay the wages, salary, employment benefits, and other compensation denied or lost to Plaintiff to date by reason of Defendant's unlawful actions;

e) Order Defendant to pay Plaintiff compensatory damages for the harm she suffered as a result of Defendant's violations of Title VII and § 1981;

f) Award Plaintiff prejudgment interest at the prevailing rate on the compensatory damages as a result of Defendant's retaliating against her in violation of Title VII and § 1981;

g) Award Plaintiff exemplary and punitive damages;

h) Award reasonable attorneys' fees, expert witness fees, expenses, and costs of this action and of prior administrative actions; and

i) Award Plaintiff other relief as this Court deems just and appropriate.

## JURY DEMAND

Plaintiff requests a jury trial on all questions of fact raised by the Complaint.

Dated: June 11, 2020

/s/Mark Hammervold
*Attorney for Plaintiff*

Mark Hammervold, IL #6320744
KOTCHEN & LOW LLP
1745 Kalorama Road NW, Suite 101
Washington, DC 20009
(202) 471-1995
(202) 280-1128 (Fax)
mhammervold@kotchen.com